UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| BRIDGETTE SNYDER, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 5: 12-362-DCR |
| V. | ) | |
| KOHL'S DEPARTMENT STORES, INC., | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

While shopping at a Kohl's retail store in Georgetown, Kentucky, Plaintiff Bridgette Snyder was believed to have shoplifted several items of merchandise. After leaving the store, Snyder was approached by a Kohl's employee and asked to return to the store to answer questions regarding the possible theft. Snyder complied and responded to all inquiries. However, during the exchange, Snyder allegedly became agitated and local police were called for assistance. Officer Chris Bayer of the City of Georgetown Police Department responded to the call.

According to Snyder, in an effort to conclude the investigation of the incident, Officer Bayer suggested that Snyder agree to remove her clothing to determine if she had hidden any of the allegedly stolen clothing on her person. Snyder agreed and removed most of her clothing in a dressing room area and in the presence of a female employee of Kohl's. After confirming that Snyder did not have any of unpaid merchandise, she exited the store. By the plaintiff's

-1-

estimation, the encounter lasted approximately 40 minutes. However, Snyder remained in her car for approximately thirty minutes before proceeding with her planned activities.

Several months after the incident, Snyder filed suit in the Scott Circuit Court naming Kohl's Department Stores, Inc., the City of Georgetown, Kentucky, and Officer Chris Bayer of the City of Georgetown Police Department as defendants. [Record No. 1-1] All defendants timely removed the action to this Court on December 4, 2012. And following the close of discovery, all defendants moved for summary judgment. [Record Nos. 31, 33] However, before the Court could resolve the motion filed by Defendants City of Georgetown and Officer Bayer, the plaintiff filed a Notice of Dismissal regarding the claims asserted against those defendants. [Record No. 46]

The motion for summary judgment filed by Defendant Kohl's has been fully briefed. After considering the undisputed facts related to that motion, the Court concludes that it is entitled to the relief sought. As a result, the plaintiff's remaining claims will be dismissed and judgment will be entered in favor of Kohl's.

**I.**

Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

**A. The Undisputed Facts Do Not Support A Claim For False Imprisonment.**

The parties agree that, to establish a claim for false imprisonment, Snyder must offer proof that: (1) Kohl's intended to confine the plaintiff within boundaries defined by the defendant; (2) Snyder was either directly or indirectly confined; and (3) Snyder knew of the confinement or was harmed by it. *J. J. Newberry Co. V. Judd*, 82 S.W.2d 359 (Ky. 1935); *Grayson Variety Store, Inc. v. Shaffer*, 402 S.W.2d 424 (Ky. 1966); and *Great Atlantic & Pacific Tea Co. v. Billups*, 69 S.W.2d 5 (Ky. 1934). However, Kohl's also asserts that it is shielded from liability for claims of false imprisonment if it is able to establish that it meets the requirements of Kentucky Revised Statutes ("KRS") § 433.236(1). Under this statute, a store owner may detain a customer "in a reasonable manner for a reasonable length of time" if there is "probable cause for believing that good held for sale by the merchant have been unlawfully taken" by the shopper.[1] *Id.*

In the present case, Snyder disputes the defendant's characterization that she "voluntarily returned" to answer questions about her alleged shoplifting. Instead, she contends that she felt compelled to return to the store based on the actions of the Kohl's employees. However, if Kohl's had probable cause to believe that Snyder had taken merchandise from the Georgetown

---

[1] Although the term is not defined in the state statute, Kohl's correctly argues that probable cause is based on a totality of the circumstances presented. [*See* Record No. 31-2, citing *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983).]

store, this dispute will not be dispositive. And here, Kohl's has shown that it had probable cause to detain Snyder based on its observations and her actions. The following uncontested facts establish probable cause:

- Kohl's Loss Prevention Supervisor Michael Pittman ("Pittman") observed Snyder in a high-theft area of the store moving rapidly and picking up items without regard to size or price.

- Based on his initial observations and concerns, Pittman requested that Kohl's Loss Prevention Officer Michael Tam Lung ("Tam Lung") focus the store's closed-circuit cameras on Snyder.

- During their observations, Pittman and Tam Lung observed other suspicious behavior by another patron consistent with being a look-out for Snyder or an accomplice.

- Pittman and Tam Lung observed Snyder enter a fitting room with a number of items of clothing. And while Pittman did not enter the fitting room with the plaintiff, he noted the specific fitting room that was used.

- While Snyder was inside the fitting room, Pittman overheard popping sounds which were consistent with security tags being removed from merchandise.

- Pittman and Tam Lung observed Snyder exit the fitting room with no merchandise in her hands. After exiting, Snyder walked fast toward the store's exit.

- Pittman quickly checked the stall that Snyder had used but did not find any of the merchandise that had been taken into the fitting room.

[Record No. 1-1, p. 5]

After Snyder returned, was questioned, removed a portion of her clothing in the presence of a female employee of the defendant, and left the store, a more thorough examination of the dressing area was conducted. At that time, Pittman discovered several items of merchandise several stalls from the one Snyder had used. According to the defendant, the security tag had been ripped off one pair of jean shorts, damaging the shorts. The tag for that item had been placed in the back pocket of another pair of shorts. While this additional information is not relevant to whether Kohl's had probable cause to detain Snyder under the state statute, it is consistent with the observations of the Kohl's employees (*i.e.*, the "popping" sounds of security tags being removed from merchandise, the failure to discover the merchandise in the changing area that Snyder had used, and Snyder's exiting of the fitting room and store empty-handed).

In an effort to overcome the defendant's motion for summary judgment, Snyder argues that the Kohl's employees breached the company's internal procedures in theft detection. However, even if true, that argument is of no consequence. Because Kohl's had demonstrated that it had probable cause to detain Snyder and because the alleged detention was reasonable (both in length and in the manner in which it was conducted), Kohl's is entitled to the protections of the statute. Likewise, the fact that Snyder offered to remove items of clothing in an effort to convince Kohl's employees that she had not stolen merchandise does not alter the Court's conclusion regarding this issue. It is undisputed that Snyder initially tried to remove her sweatshirt in the presence of Kohl's employees while being questioned. However, she was advised that it was contrary to store policies for her to disrobe in the manner in which she suggested. Later, either Officer Bayer or Snyder proposed that she remove articles of clothing

in a dressing area and in the presence of a female employee of the defendant. Kohl's agreement and participation in this voluntary conduct by Snyder does not render its actions unreasonable.

### B. Snyder Has Not Asserted A § 1983 Claim Against Kohl's.

Snyder's federal claim centers on her argument that, after Officer Bayer arrived to investigate the alleged shoplifting incident, she was illegally detained and subjected to a strip search to prove her innocence. The plaintiff makes the following specific factual allegations in her Complaint concerning this claim:

> 42) On March 1, 2012, Georgetown Police Officer Chris Bayer detained the Plaintiff in the Defendant Kohl's room and then imprisoned the Plaintiff for over an hour.
>
> 43) During the time of the imprisonment, the Plaintiff was subject to a "strip search" with full knowledge of the Defendant Police.
>
> 44) At no time was the Plaintiff ever informed that she was under arrest or free to leave the Kohl's store.
>
> 45) At no time during the period of detention was the Plaintiff permitted to contact her family, friends or an attorney to inform them of her whereabouts or to obtain the assistance of counsel.
>
> 46) At no time during the above-mentioned period of detention was the Plaintiff charged with any crime, but at the end of the period of detention, Plaintiff was released without any charge being made and no charge has subsequently been made.
>
> 47) Officer Chris Bayer acted at all times under color of state law in his official capacity but the acts were beyond his jurisdiction, and without authorization of law.
>
> 48) Officer Chris Bayer, in concert with Defendant Kohl's employees, acted willfully, knowingly and without specific intent to deprive the Plaintiff of her rights under the 4th Amendment to be free from unlawful arrest, detention, and imprisonment, rights secured to the Plaintiff by the 6th and 14th Amendment to the Constitution and by 42 U.S.C. § 1988 [sic].

Kohl's asserts that Snyder cannot prevail on this claims as far as its actions are concerned because its actions were not taken under color of state law and its conduct did not deprive the plaintiff of any rights secured by the Constitution or laws of the United States. [Record No. 31-2, pp. 17-20] It argues that, because Snyder agreed to the search to prove her innocence, she may not claim that the search constituted a violation of the Fourth Amendment. *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004). Further, consent is not nullified if given grudgingly. *Id*. at 589 ("Acquiescence commonly indicates assent, however grudging.").

On November 5, 2013, Snyder filed a joint response to the motions for summary judgment that were pending before the Court.[2] The plaintiff's response regarding her § 1983 claim is set out at pages 16-21 of that response. In attempting to overcome the motion for summary judgment filed by Defendants City of Georgetown and Officer Chris Bayer, Snyder focuses on the fact that Officer Bayer was acting in his capacity as a law enforcement officer when called to investigate the claim of shoplifting. She then proceeds to discuss the circumstances under which an officer may detain an individual based on reasonable suspicion of criminal activity and whether Bayer can assert qualified immunity for his actions. However, Snyder's response does not address the initial question of whether Kohl's may be liable under § 1983.

Based on the foregoing, it does not appear that Snyder intends to assert claims under § 1983 against Kohl's. Notwithstanding this waiver, the Court concludes that such claims would be misplaced. Kohl's has established that it is not a state actor. Further, the plaintiff may not

---

[2] This response was filed before Snyder settled her claims with the City of Georgetown and Officer Chris Bayer.

rely upon the actions of independent parties such as Officer Bayer to supply the missing state action element. As a result, this count will also be dismissed.

      **C.     Snyder May Not Seek To Recover For Intentional Infliction Of Emotional Distress Under The Facts Presented.**

Kentucky law provides that, if a defendant's actions are sufficiently outrageous and result in severe emotional distress, a plaintiff may assert a claim for intentional infliction of emotional distress ("IIED"). This tort, also referred to as the tort of outrage, is intended to fill gaps in remedies which can be sought for other traditional torts. In other words, it does not provide a valid cause of action where the allegedly wrongful conduct constitutes a claim for another tort for which emotional distress damages are available. *Childers v. Geile*, 367 S.W.3d 576 (Ky. 2012); *Grace v. Armstrong Coal Co.*, 2009 U.S. Dist. LEXIS 11315, *8 (E.D.Ky. Feb. 13, 2009); *Buckner v. Bryant*, 2013 U.S. Dist. LEXIS 41025 (E.D.Ky. Mar. 25, 2013).

As District Judge Hood noted in *Armstrong Coal*, "[t]he result [of this rule of law] is that an IIED claim cannot be pled by itself, in tandem with another tort, or in the alternative as long as some other tort with adequate relief fits the facts." *Armstrong Coal*, at *8-*9. In fact, in *Banks v. Fritsch*, 39 S.W.3d. 474 (Ky. App. 2001), the Court of Appeals of Kentucky held that a claim for IIED could not be asserted in an action also alleging false imprisonment because the tort of false imprisonment allows a plaintiff to seek damages for alleged "mental suffering, humiliation and the like." *Banks*, at 479.

Based on the holdings in these cases, Snyder's claim for IIED fails because damages for emotional distress are available as a remedy for false imprisonment. Likewise, Snyder cannot attempt to limit her claim to assert that she was forced to remove some articles of clothing in the

presence of Kohl's employee to establish that she had not stolen any merchandise. As a factual matter, Kohl's employees did not suggest that Snyder remove any item of clothing to prove her guilt. On one or more occasions, Snyder attempted to remove various items of clothing in the presence of Kohl employees. However, she was told he actions were impermissible. Later, Snyder did strip down to her underware in the presence of a female Kohl's employee. However, her actions were either voluntary or at the suggestion of Officer Chris Bayer. That defendant has been dismissed as a party to this proceeding and any suggestion he made to induce the plaintiff's removal of clothing cannot be attributed to Kohl's.

Finally, even if the actions of Officer Bayer could be attributed to the defendant, they would not be sufficient to establish a valid claim of IIED under Kentucky law. To establish an IIED claim under Kentucky law, the plaintiff must prove the following: "(1) the wrongdoer's conduct must be intentional or reckless, (2) the conduct must be outrageous and intolerable, (3) there must be a causal connection between the conduct and the emotional distress, and (4) the emotional distress must have been severe." *Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 238 (Ky. Ct. App. 2001) (citing *Craft v. Rice*, 671 S.W.2d 247, 249 (Ky. 1984)). Here, when viewing the facts in the light most favorable to Snyder, a reasonable person could not conclude that the actions of Kohl's employees were reckless, outrageous, or intolerable.

## II.

After Snyder demonstrated that she did not have merchandise hidden under her clothing, she was escorted from the Kohl's store. Pittman apologized for the inconvenience. According to the plaintiff, both Pittman and Tam Lung were later terminated "for failed shoplifting incidents" or "non-productive stops" following the incident involving Snyder. It would be

unfortunate if the termination of either Pittman or Tam Lung was the result of the incident that is presently before the Court.  Based on the fact presented, it appears that Snyder – not Pittman – should have offered an apology for the incident.  But that is not a matter for the Court's concern.  In short, Snyder has not offered sufficient evidence of false imprisonment to overcome Defendant Kohl's motion for summary judgment.  Further, based on the undisputed facts presented, the plaintiff cannot establish that this defendant violated 42 U.S.C. § 1983 and she cannot establish a claim for intentional infliction of emotional distress under Kentucky law.  As a result, it is hereby

**ORDERED** as follows:

1. The defendant's motion for summary judgment [Record No. 31] is **GRANTED**.

2. The claims asserted by Plaintiff Bridgette Snyder against Defendant Kohl's Department Stores, Inc. are **DISMISSED**, with prejudice.

3. All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A final and appealable Judgment shall be entered this date, consistent with this Memorandum Opinion and Order.

This 15th day of January, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge